IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHAD M. FULLBRIGHT,**

                    **Petitioner,**

        v.                                  CASE NO. 07-3120-RDR

**LAWRENCE MUNDT, et al.,**

                    **Respondents.**

### O R D E R

This matter is before the court on a non-form petition for writ of habeas corpus titled as seeking relief under 28 U.S.C. § 2255. Petitioner, a prisoner confined in the CCA-Leavenworth Detention Center in Leavenworth, Kansas, proceeds pro se and has paid the district court filing fee.

Petitioner relates that the State of Missouri lodged a probation violation warrant against him as a detainer, and contends federal officials are violating his rights under the Interstate Agreement on Detainers Act (IADA) by refusing to transport him to Missouri for disposition of this warrant. Petitioner seeks in part a court order for his immediate transport to the custody of the State of Missouri.

Having reviewed petitioner's pro se pleading, the court liberally construes it as seeking relief in the nature of habeas corpus, and finds this matter is subject to being summarily dismissed.

To the extent petitioner seeks injunctive relief, namely to require the United States Marshal Service to transport him to

Missouri pursuant to the IADA, such relief might be appropriate under 28 U.S.C. § 2241 if there were any legal merit to petitioner's claim.[1]  However, the IADA applies only to detainers lodged on untried criminal charges, and has no application to detainers based upon revocation of probation or parole.  McDonald v. New Mexico Parole Board, 955 F.2d 631 (10th Cir. 1991)(IADA applies only to)(*citing* Carchman v. Nash, 473 U.S. 716 (1985)).

Accordingly, the court directs petitioner to show cause why the petition should not be dismissed without prejudice because no factual or legal basis exists for the relief petitioner seeks.  The failure to file a timely response may result in the petition being dismissed without prejudice and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that this action is liberally construed by the court as one seeking relief under 28 U.S.C. § 2241.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why this matter should not be dismissed without prejudice.

DATED:  This 22nd day of May 2007, at Topeka, Kansas.


    s/ Richard D. Rogers
 RICHARD D. ROGERS
 United States District Judge

---

[1] *See* Montez v. McKinna, 208 F.2d 862, 865 (10th Cir. 2000)(discussing habeas challenges under § 2241 and § 2254 to state detainers).  Here, petitioner is not challenging the validity of the Missouri detainer, arguably an appropriate claim under 28 U.S.C. § 2254 to be brought in the appropriate federal judicial district in Missouri after first exhausting available remedies in the Missouri courts.  Instead, petitioner alleges his rights under the IADA are being violated by federal agents during his confinement in the District of Kansas.